J-A33030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURT MARSDEN GAMMER | |
| Appellant | No. 1173 EDA 2015 |

Appeal from the Order Entered March 31, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0002670-2008

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.                **FILED MAY 20, 2016**

Appellant, Curt Marsden Gammer, appeals from the March 31, 2015 order entered in the Court of Common Pleas of Northampton County, denying his petition for expungement.  Upon review, we affirm.

On May 7, 2008, Appellant was charged with driving under the influence (DUI) pursuant to 75 Pa.C.S.A. § 3802(b).  On April 23, 2010, Appellant pled guilty to the charge and, after hearing, was sentenced accordingly.  On December 19, 2013, Appellant filed a motion to withdraw his guilty plea.  After a hearing on May 9, 2014, the trial court denied Appellant's motion.  Thereafter, on March 9, 2015, Appellant filed a petition for expungement, which the trial court denied on March 31, 2015.  Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

timely filed a notice of appeal and, as ordered by the trial court, a Pa.R.A.P. 1925(b) statement.  The trial court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises two issues.

1) Was [Appellant]'s guilty plea legally defective because he did not complete a written colloquy and did not receive an appropriate verbal colloquy?

2) Did the trial court unconstitutionally infringed on [Appellant]'s due process rights because it denied him the right to an evidentiary hearing on his petition for expungement?

Appellant's Brief at 4.

As to Appellant's first issue, we find that we cannot address this issue on its merits, as Appellant waived his right to challenge the validity of his guilty plea. Appellant contends his guilty plea was "legally defective" because the trial court did not deliver an appropriate colloquy and therefore, he did not "knowingly, voluntarily, and intelligently enter the plea." Appellant's Brief at 10.  It is well settled that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.  Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).  Failure to employ either measure results in waiver." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013).  Appellant failed to object at the time of his plea colloquy and did not file a motion to withdraw his plea within ten days of sentencing. His challenge now, more than three years after sentencing, is waived.

For his second issue, Appellant contends his petition for expungement under 18 Pa. C.S.A. § 9122 should not have been considered under the strict criteria of that statute because his conviction was the result of judicial error. Appellant asserts that to the extent Section 9122 precluded a hearing on his petition, the statute unconstitutionally infringed on his due process rights. Appellant's Brief at 12. Appellant attempts both to resurrect his right to challenge his guilty plea and to have his conviction expunged under Section 9122. In doing so, he essentially urges this Court to create an exception to the statutory scheme of Section 9122 to permit another avenue of collateral attack to challenge the validity of his guilty plea. Appellant is not entitled to have this Court rewrite this legislative provision, or to claim he was denied due process because he was not granted a hearing on his expungement petition to challenge the validity of his guilty plea.

Section 9122(b) governing expungement of criminal history information, provides in relevant part as follows:

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)    (i) An individual who is the subject of the information petitions the court for the expungement of a summary

offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122(b). As Appellant recognizes, he does not meet any of these criteria for expungement of his conviction. Appellant also recognizes that in *Commonwealth v. Magdon*, 456 A.2d 194 (Pa. Super. 1983), we held that the right to due process to be heard is not abridged by denying an expungement hearing to one actually convicted or who has pled guilty (which waives the formalities of a hearing) because the convict's trial already provided an opportunity to be heard. Nonetheless, against the weight of this authority, Appellant argues that Section 9122 and our holding in *Magdon*, should not apply because a guilty plea only functions as a waiver of constitutional safeguards where a plea is entered knowingly and intelligently. Appellant's Brief at 16. Since Appellant contends his plea was not knowingly and intelligently made, the denial of an opportunity to be heard on his expungement petition unconstitutionally infringed on his due process rights. Appellant's argument is circuitous at best. The right to file a petition to expunge a criminal conviction exists only as a matter of legislative grace. *See Commonwealth v. Hanna*, 964 A.2d 923 (Pa. Super. 2009) (noting that a defendant convicted of a crime is not entitled to expungement except under extremely limited circumstances permitted by statute). Appellant may not attempt to expand the very limited instances

- 4 -

provided for expungement of a criminal conviction under Section 9122 to remedy his failure to exercise his right to timely challenge his guilty plea after sentencing. Simply stated, this is not a remedy provided for under Section 9122. Accordingly, Appellant was not denied due process by the trial court's refusal to grant him greater hearing rights on his petition than that reflected by the record.[1]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/2016

---

[1] In passing, we note the record reflects that argument in fact was held on Appellant's petition during which Appellant, through counsel, admitted that he was not entitled to expungement of his conviction. N.T. Hearing, 2/20/15, at 2-3.